# UNITED STATES DISTRICT COURT

EASTERN District of PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | JUDGMENT IN A CRIMINAL CASE |
|---|---|---|
| v. | ) | |
| SHELDON HYLTON | ) | Case Number: DPAE2:11CR000477-002 |
| | ) | USM Number: 67665-066 |
| | ) | Stephen J. Britt, Esq. |
| | ) | Defendant's Attorney |

FILED OCT 2 3 2013 MICHAEL E. KUNZ, Clerk By_____ Dep. Clerk

## THE DEFENDANT:

X pleaded guilty to count(s)   1 through 5 and count 14 of the Indictment.

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C.§371 | Conspiracy | 04/30/2010 | 1 |
| 18 U.S.C.§§1344 and 2 | Bank fraud and aiding and abetting | 01/12/2010 | 2 |
| 18 U.S.C.§§1028A(a)(1), (c)(5) and 2 | Aggravated identity theft and aiding and abetting | 10/30/2009 | 3 |
| 18 U.S.C.§§1028A(a)(1), (c)(5) and 2 | Aggravated identity theft and aiding and abetting | 11/13/2009 | 4 |

The defendant is sentenced as provided in pages 2 through   9   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

X Count(s)   6 through 13 and count 15   ☐ is   X are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

October 17, 2013
Date of Imposition of Judgment

*/s/ Jan E. DuBois*
Signature of Judge

Jan E. DuBois, U.S.D.J.
Name and Title of Judge

October 17, 2013
Date

DEFENDANT: SHELDON HYLTON
CASE NUMBER: DPAE2:11CR000477-002

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C §§ 1028A(a)(1), (c)(5) | Aggravated identity theft and aiding and abetting | 11/17/2009 | 5 |
| 18 U.S.C. § 1343 | Wire fraud | 02/28/2010 | 14 |

AO 245B (Rev. 09/11) Judgment in Criminal Case
Sheet 2 - Imprisonment

DEFENDANT: SHELDON HYLTON
CASE NUMBER: DPAE2:11CR000477-002

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
Eight (8) months on each of Counts One, Two and Fourteen of the Indictment, such terms to run concurrently, and to terms of imprisonment of twelve (12) months on each of Counts Three, Four and Five, such terms to run concurrently with each other and consecutively to the eight (8) month sentence imposed on Counts One, Two and Fourteen, for a total term of imprisonment of twenty (20) months on Counts One, Two, Three, Four, Five and Fourteen.

X  The court makes the following recommendations to the Bureau of Prisons:
That the defendant be designated to an institution in close proximity to Philadelphia, Pennsylvania, where his family resides.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at          ☐ a.m.   ☐ p.m.   on                    .

  ☐ as notified by the United States Marshal.

X  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  X  before 2 p.m. on     Monday, December 2, 2013*    .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

* In the event no institution is designated by the Bureau of Prisons as of that date, defendant shall self-surrender no later than 2:00 P.M., on Monday, December 2, 2013, at the Office of the United States Marshal, United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania.

## RETURN

I have executed this judgment as follows:




Defendant delivered on                              to

at                         , with a certified copy of this judgment.


UNITED STATES MARSHAL

By

DEPUTY UNITED STATES MARSHAL

DEFENDANT: SHELDON HYLTON
CASE NUMBER: DPAE2:11CR000477-002

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
Three (3) years on Counts One and Fourteen of the Indictment, such terms to be served concurrently, to a term of five (5) years on Count Two of the Indictment, such term to be served concurrently with the concurrent terms of supervised release on Counts One and Fourteen, and to terms of one (1) year on Counts Three, Four and Five of the Indictment, such terms to be served concurrently with each other and concurrently with the terms of supervised release imposed on Counts One, Two and Fourteen of the Indictment, for a total term of supervised release of five (5) years on Counts One, Two, Three, Four, Five and Fourteen of the Indictment.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

X The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

X The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: SHELDON HYLTON
CASE NUMBER: DPAE2:11CR000477-002

# ADDITIONAL SUPERVISED RELEASE TERMS

1. Defendant shall participate in a program or programs of treatment and testing for alcohol and other drug abuse including, but not limited to, the furnishing of urine specimens, at the direction of the United States Probation Office, until such time as the defendant is released from the program or programs by the United States Probation Office;

2. Defendant shall pay the restitution imposed by this Judgment that remains unpaid at the commencement of his supervised release at the rate of not less than $50.00 per month while defendant is employed;

3. Defendant shall not incur new credit charges or open additional lines of credit without the approval of the United States Probation Office until his restitution is paid-in-full;

4. Defendant shall provide the United States Probation Office with access to any requested financial documents or other financial information;

5. Defendant shall notify the United States Probation Office of any assets received after imposition of this Order, and shall not disperse his interest in any assets including, but not limited to, income tax refunds, inheritance, insurance and lawsuit settlements, or gambling winnings, without the prior approval of the United States Probation Office; and,

6. Defendant shall not encumber or liquidate his interest in any assets unless the proceeds are to be used in payment of defendant's restitution obligation.

DEFENDANT: SHELDON HYLTON
CASE NUMBER: DPAE2:11CR000477-002

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 600.00 | $ 0.00 | $ 224,380.00 |

☐ The determination of restitution is deferred until ____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

X The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| See page 5A and B for information regarding restitution. | | | |
| TD Bank<br>Attn: Patrick Lafferty<br>11000 Atrium Way<br>Mount Laurel, NJ 08054 | | $189,300.00 | |
| HSBC Card Services<br>Attn: Fraud Department<br>P.O. Box 641<br>Buffalo, NY 14240 | | $14,298.48 | |
| Target Corporation<br>Attn: Fraud Investigators<br>900 W Sproul Rd, Suite 102<br>Springfield, PA 19064<br>Re: Case No. INC-238601 | | $5,672.25 | |
| TOTALS | $ | $ | |

☐ Restitution amount ordered pursuant to plea agreement $ ____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    X the interest requirement is waived for the ☐ fine X restitution.

    ☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: SHELDON HYLTON
CASE NUMBER: DPAE2:11CR000477-002

# ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

The restitution is due immediately. Interest on the restitution is waived.

Restitution payments shall be made payable to the U.S. Treasury and forwarded to the Clerk of Court, United States District Court for the Eastern District of Pennsylvania, for proportionate distribution to the victims.

The restitution payable to TD Bank in the total amount of $189,300.00 is joint and several with all other persons convicted of the crimes which gave rise to the restitution order including, but not limited to, Michael Thomas (Criminal No. 10-818), Kenneth Osbourne, Jr. (Criminal No. 11-477-01), Carlton Finney (Criminal No. 11-7-01) and Hakeem Robinson (Criminal No. 10-378-02).

The restitution payable to all other victims – HSBC Card Services, Target Corporation, Citigroup, Chase Card Services, Lowe's Corporation, Nordstrom Bank, Macy's Department Store, Web Transaction Services and Comenity Bank – is joint and several with all other persons convicted of the crimes which gave rise to the restitution order including, but not limited to, Kenneth C. Osbourne, Jr. (Criminal No. 11-477-01).

It is recommended that defendant pay his restitution while in custody pursuant to the Bureau of Prisons Inmate Financial Responsibility Program provided, however, that defendant pay the restitution in quarterly installments of not less than $25.00 out of his prison earnings, unless his prison earnings after payment of the special assessment are less than $25.00 a quarter, in which event, the quarterly installment shall be the amount of his prison earnings. Beginning thirty (30) days after defendant is released from custody, defendant shall pay the balance due on his restitution obligation in monthly installments of not less than $50.00 while defendant is employed.

The Court finds that defendant has sufficient assets, income and income earning potential to warrant imposition of the restitution order and payment schedule, taking into account his expenditures for food, clothing, shelter and other necessities for himself and his family.

The Court finds that defendant has insufficient assets, income and income earning potential to warrant imposition of a fine in addition to the restitution obligation. Accordingly, a fine is waived in this case.

Defendant shall pay a special assessment of $600.00 to the United States of America which shall be due immediately. It is recommended that defendant pay his special assessment while in custody pursuant to the Bureau of Prisons Inmate Financial Responsibility Program provided, however, that defendant shall pay the special assessment in quarterly installments of not less than $25.00 out of his prison earnings unless his prison earnings are less than $25.00 a quarter, in which event, the quarterly installment in payment of his special assessment shall be the balance of his prison earnings. Beginning thirty (30) days after defendant is released from custody, defendant shall pay the balance due on his special assessment in monthly installments of not less than $25.00 while defendant is employed.

DEFENDANT: SHELDON HYLTON
CASE NUMBER: DPAE2:11CR000477-002

# ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Citigroup<br>Citi Security & Investigative Services<br>14700 Citicorp Drive, Building 2, 1st Floor<br>Hagerstown, MD 21742 | | $4,155.97 | |
| Chase Card Services<br>Attn: Restitution Payments<br>P.O. Box 2003<br>Elgin, IL 60121 | | $3,143.09 | |
| Lowe's Corporation<br>Attn: A2ELP-Restitution<br>1000 Lowe's Boulevard<br>Mooreseville, NC 28115 | | $2,870.37 | |
| Nordstrom Bank<br>P.O. Box 6589<br>Attn: Restitution<br>Centennial, CO 80155 | | $2,000.00 | |
| Macy's Department Store<br>Macy's Fraud Claims<br>Attn: Margaret Tejeda<br>9111 Duke Boulevard<br>Mason, OH 45040 | | $1,000.00 | |
| Web Transaction Services<br>P.O. Box 163032<br>Austin, TX 78716-3032 | | $879.13 | |
| Comenity Bank<br>Attn: Connie Spencer, Loss Prevention Manager<br>220 West Schrock Road<br>Westerville, OH 43081 | | $431.06 | |

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: SHELDON HYLTON
CASE NUMBER: DPAE2:11CR000477-002

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance    ☐ C,    ☐ D,    ☐ E, or    ☐ F below; or

B ☐ Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

C ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☒ Special instructions regarding the payment of criminal monetary penalties:

    See pages 5, 5A and 5B.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.